UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES C. HERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>RICHARD WEISS, et al.,<br><br>  Defendants. | No. 2:20-cv-1006-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed an application to proceed in forma pauperis. ECF Nos. 2, 4.

I.   Request to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II.   Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
2 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4 relief."  *Id.* § 1915A(b).

5 　　　A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
7 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
9 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
12 U.S. 662, 679 (2009).

13 　　　To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15 action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
16 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
17 678.

18 　　　Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
22 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
23 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
24 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25 　III.　Analysis

26 　　　Plaintiff alleges that he was diagnosed with Systemic Lupus Erythematosus prior to his
27 transfer to Mule Creek State Prison ("MCSP") on May 5, 2017.  ECF No. 1 at 9.  He had also had
28 an episode of deep vein thrombosis ("DVT") on September 14, 2016 for which he had been sent

to the emergency room. *Id.* When he arrived at MCSP, he was assigned defendant Weiss as his primary care physician. *Id.*

Plaintiff suffered another episode of DVT on May 26, 2018 and was treated at an outside hospital. *Id.* When he returned to the prison, Weiss said that the hospital visit had not been for DVT. *Id.* Plaintiff was still feeling sick, with pains in his chest and legs, difficulty walking and breathing, and fatigue. *Id.*

Plaintiff researched for a year about what was causing his health difficulties and learned that 85% of SLE patients suffer from anemia and unwanted blood clots. *Id.* at 10.

On October 31, 2018, plaintiff requested health care for extreme dizziness and leg pains, which are symptoms of a blood clot. *Id.* He had earlier expressed his concerns to health care staff about blood clots but had been dismissed as a hypochondriac. *Id.* at 10-11. Plaintiff tried to prevent clotting himself by buying low dose aspirin from other inmates. *Id.* at 11. Weiss did not provide proper care to plaintiff to prevent blood clots and related complications even though the California Correctional Health Care Services Guide directed that patients with two or more hospital visits for DVT be placed on blood thinning medication for life. *Id.* Weiss knew that plaintiff was at risk of DVT because of his SLE and two hospital visits for DVT, but he purposefully ignored and failed to respond to plaintiff's medical needs. *Id.* at 11-12. On November 26, 2019, plaintiff suffered a DVT and cardiac event. *Id.* at 14.

Weiss also took away plaintiff's necessary opiate pain medication, accusing plaintiff of being drug-seeking even though plaintiff had no history of drug possession or sales and had been taking the medication for four years with no issues. *Id.* at 13. Weiss gave plaintiff Tylenol instead because the prison was "cracking down" on opioids. *Id.*

Plaintiff asserts Eighth Amendment and state-law malpractice claims against Weiss.

To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and

wanton infliction of pain. *Jett*, 439 F.3d at 1096. A deliberately indifferent response may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Thus, a defendant will be liable for violating the Eighth Amendment if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842.

In California, "[t]he elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Johnson v. Superior Court*, 143 Cal. App. 4th 297, 305 (2006).

For the purposes of § 1915A screening only, plaintiff states potentially cognizable Eighth Amendment and malpractice claims against defendant Weiss.

The complaint contains no factual allegations against defendant Smith, and thus plaintiff's claims against Smith must be dismissed with leave to amend.

Plaintiff may choose to proceed only with his claims against defendant Weiss. Alternatively, he may choose to amend his complaint to state (if he can) a cognizable claim against defendant Smith.

The court cautions plaintiff that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also

/////

include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Red. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

IV. Order

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED.
2. Plaintiff's complaint alleges, for screening purposes, potentially cognizable Eighth Amendment and malpractice claims against defendant Richard Weiss.
3. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5

4. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the claims recognized by this order as potentially cognizable or whether he intends to file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRES C. HERNANDEZ

        Plaintiff,

    v.

RICHARD WEISS, et al.,

        Defendants.

No.  2:20-cv-1006-EFB P

NOTICE OF INTENT TO PROCEED OR AMEND

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____   proceed only with his claims against defendant Weiss;

OR

    (2) _____   delay serving any defendant and file an amended complaint.

_____
                    Plaintiff

Dated: