|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| ANDRES C. HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD WEISS,<br><br>        Defendant. | Case No. 2:20-cv-01006-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 21<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED AND PLAINTIFF'S STATE LAW CLAIMS BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 18 |

       Plaintiff brings this action alleging that Dr. Richard Weiss's failure to treat adequately his deep vein thrombosis and lupus violated the Eighth Amendment and California's medical malpractice laws. Defendant seeks dismissal of plaintiff's state law claims for failure to present his claims and to receive a final decision under the California Government Claims Act before filing this suit. ECF No. 18. Defendant is correct; plaintiff's state law claims should be dismissed.

       Before turning to the motion to dismiss, I will deny plaintiff's pending motion for appointment of counsel. ECF No. 21. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the*

1

*Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, I "must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). The allegations in this action are not exceptionally complicated and, to date, plaintiff has capably represented himself.

**Legal Standards**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**Analysis**

As stated above, defendant argues that plaintiff did not comply with the requirements of the California Government Claims Act ("CGA") before filing this suit. *See Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 64 Cal. Rptr. 3d 210, 164 P.3d 630, 634 (Cal. 2007) (holding that timely presentation of state tort claims under the CGA is required before filing suit against a public entity or its employees). CGA records attached to defendant's motion, and of which I take judicial notice[1], show that plaintiff attempted to file a claim on April 13, 2020. ECF No. 18-2 at 4. On July 13, 2020, he was advised by the California Department of General Services that his CGA claim would not be accepted until he tendered a twenty-five dollar filing fee. *Id.* at 14. That issue was resolved, and, on September 28, 2020, plaintiff received a final decision on his CGA claim. *Id.* at 23. Pursuant to the CGA, plaintiff's state law claims could not be litigated until after that date. *See* Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . .").

Plaintiff offers no argument that he filed a timely claim under the CGA. Instead, he argues that the "mental disfunctions" caused by his health conditions should excuse him from compliance with the CGA.[2] ECF No. 19 at 3-4. He also contends that the delay caused by his failure to pay the twenty-five dollar filing fee was a "technicality" that should not be held against

---

[1] The court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[2] Plaintiff's ability to bring and litigate this suit cuts against his argument that his health conditions were so severe as to preclude compliance with the CGA.

him, especially in light of the fact that prison mail was slowed by the pandemic. *Id.* at 4. Plaintiff cites no authority supporting these exemptions, however, and I am not aware of any.[3] Plaintiff's state law claims should be dismissed without leave to amend because, as defendant points out, no truthful amendment could allege that plaintiff complied with the CGA's requirements before filing this suit.

It is ORDERED that:

1. Clerk of Court assign a district judge to rule on these findings and recommendations.

2. Plaintiff's motion for appointment of counsel, ECF No. 21, is denied.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 18, be granted and plaintiff's state law malpractice claims be dismissed without leave to amend.

2. This action should proceed only on plaintiff's Eighth Amendment deliberate indifference claims.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: June 4, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Exemptions to the CGA's presentation requirement are listed at Cal. Gov't Code § 905 and none apply to the circumstances raised by plaintiff.

4